# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARGARET C. GOOCH, | ) | 1:07cv1674 LJO GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a petition for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on December 19, 2008, by Plaintiff's attorney, Harvey P. Sackett.

## **BACKGROUND**

Plaintiff commenced the instant action on November 15, 2007. On September 22, 2008, Magistrate Dennis L. Beck[1] issued Findings and Recommendations. On October 29, 2008, the Honorable Lawrence J. O'Neill issued an Order adopting the Findings and Recommendations wherein Plaintiff's appeal was granted, and the matter was remanded for further proceedings.

---

[1] On December 24, 2008, the instant matter was reassigned to Magistrate Judge Gary S. Austin for all further proceedings.

1

1   Following Plaintiff's motion for attorney's fees, seeking the sum of $6,011.24, Defendant
2 filed its Opposition on December 24, 2008.  On January 7, 2009, Plaintiff filed a reply to
3 Defendant's opposition, wherein Plaintiff's attorney revised the requested figure to $6,303.86.

4 **DISCUSSION**

5   Pursuant to the EAJA, a prevailing party will be awarded reasonable attorney fees, unless
6 the government demonstrates that its position in the litigation was "substantially justified," or
7 that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  An award of
8 attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).
9 "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,
10 and charges that are not properly billable to a client are not properly billable to the government.
11 *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

12   Initially, Mr. Sackett sought attorney's fees in the sum of $6,011.24.[2]  More particularly,
13 29.35 in attorney hours,[3] and 9.25 in paralegal hours.  Included with the motion is Mr. Sackett's
14 declaration that includes an itemization of time spent from October 1, 2007, through to
15 December 18, 2008.

16   Defendant does not dispute that Plaintiff is a prevailing party for the purposes of EAJA.
17 Rather, Defendant opposes the motion on the grounds that the Commissioner's position was
18 substantially justified, and therefore Plaintiff is not entitled to recovery, and further, that the fees
19 requested are unreasonable.  In the final analysis, Defendant contends that Plaintiff's attorney
20 should be compensated no more than the total sum of $4,448.70 in EAJA fees.

---

[2] The Court's calculations differ minimally:  3.75 (2007) x $166.46 = $624.23; 25.6 (2008) x $172.13 = $4,406.53, for an attorney fee total of $5,030.76.  An additional $980.50 (paralegal hours 9.25 x $106.00) results in a grand total of $6,011.26.

[3] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Mr. Sackett calculates the cost of living increases as providing for an hourly rate of $166.46 per hour in 2007 and an hourly rate of $172.13 per hour in 2008.

Thereafter, on January 7, 2009, Plaintiff filed a Reply to the opposition, wherein Mr. Sackett revised his request for attorney's fees to include the cost of the reply, for a total of $6,303.86.[4]

**A.    Substantial Justification**

Plaintiff contends the Commissioner was not substantially justified in his position, and as a result, Plaintiff is entitled to an award of attorney's fees as the prevailing party. Defendant asserts the Commissioner was substantially justified.

Plaintiff specifically argues that due to the ALJ's failure to invoke vocational testimony given significant non-exertional impairment, the Commissioner's position was not substantially justified, and thus, Plaintiff should be awarded costs.

Defendant, however, argues the Commissioner was substantially justified, even in light of the ALJ's improper reliance on the Medical-Vocational Guidelines in the absence of consultation with a vocational expert, because the Commissioner's position had a reasonable basis in both law and fact.

The ALJ's conclusion that Plaintiff's need to avoid even moderate exposure to pulmonary irritants and his decision to rely on the Grids was legal error because where, as here, the restriction fell between "very little and excessive," consultation of a VE was required. *Desrosiers v. Secretary of Housing and Health Services*, 846 F.2d 573, 577 (9th Cir. 1988) ( If a claimant's non-exertional limitations "significantly limit the range of work" he can perform, mechanical application of the grids is inappropriate and a vocational expert would be needed to describe what, if any, jobs existed in the national economy that the claimant could perform).

The Court finds that the Commissioner was not substantially justified in his position, and thus, Plaintiff is entitled to an award of costs. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D. Ill. 1990) ("the Court finds that the Secretary's position was not substantially justified. The ALJ . . . failed to perform a certain analysis required by the law and the regulations").

---

[4] See fn. 2, *ante*.

3

**B.     Reasonableness**

Defendant argues that, even if the Court finds the Commissioner was not substantially justified, Plaintiff's attorney fee request must be reduced because it is unreasonable. The specific contentions are addressed below.

**1.     Clerical Work**

Defendant opposes certain fees requested by Plaintiff on the basis that the entries reflect "clerical work." Specifically, Defendant opposes the following:

| Date | Description | Hours |
|---|---|---|
| 12/6/2007 | Reviewing electronic mail from US District Court | .25 |
| 1/25/2008 | Reviewing service documents | .25 |
| 1/31/2008 | Reviewing electronic mail from US District Court | .25 |
| 2/13/2008 | Reviewing electronic mail from US District Court | .25 |
| 12/19/2008 | Converting pleadings to PDF, efiling with US District Court | .75 |
|  | TOTAL | 1.75 |

Defendant correctly argues that Mr. Sackett should not be compensated for non-attorney level work. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999); *Sorenson v. Concannon*, 161 F.Supp.2d 1164, 1168 (D.Or. 2001) (purely clerical tasks, such as faxing, mailing, etc., are not compensable under the EAJA); *Wilkett v. Interstate Commerce Comm'n*, 844 F.2d 867, 875-76, n. 6 (D.C. Cir. 1988). The Court agrees with Defendant that time spent converting pleadings to PDF format is non-compensable. However, reviewing court documents and service documents, while mundane, are tasks that are routinely performed by an attorney. *See e.g., Williams v. Apfel*, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly). Accordingly, of the time identified by Defendant, the Court will allow 1.0 hour of those identified by Defendant as "clerical work."

**2.    Hours Related To Preparation Of Opening Brief**

Plaintiff claims a total of 16.7 hours dedicated to preparation of the opening brief. Defendant opposes this amount, arguing, in part, that it is "unreasonable given the length of the administrative transcript, Counsel's experience in litigating Social Security disability issues, and the number of routine disability issues raised in the brief." Defendant asks the Court to reduce the requested amount by 6 hours.

The Court has reviewed Mr. Sackett's Itemization of Services Rendered and finds that Plaintiff's claimed time for this purpose is reasonable. *Sorenson v. Mink*, 239 F.3d at 1145. Thus, the Court declines the Defendant's request to reduce the number of hours for preparation of the opening brief.

**3.    Hours Related To Preparation Of Reply Brief**

Plaintiff claims a total of 6.9 hours in preparation of the reply brief. Defendant contends this is unreasonable in light of the fact that the "issues were routine and non-complex" and the reply brief "was 5 pages and contained very little citation to legal authority." Defendant asks the court to reduce the total number of hours by 2, for a total of 4.9.

Despite Defendant's contentions otherwise, the court finds Plaintiff's request to be reasonable, and thus will not reduce the number of hours claimed for preparation of the reply brief. *Sorenson v. Mink*, 239 F.3d at 1145.

**AWARD**

Mr. Sackett's motion is therefore GRANTED. He is awarded fees in the total amount of $6,224.38.[5]

IT IS SO ORDERED.

Dated:   **February 9, 2009**                    /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[5] $624.23 [3.75 hours spent in 2007 at $166.46 per hour] + $4,406.53 [25.6 hours spent in 2008 at $172.13 per hour] + $292.62 [1.7 hours spent in 2009 at $172.13 per hour] + $901.00 [8.5 paralegal hours at $106.00 per hour].